**UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> **EFRAÍN RAMÍREZ TORRES & JULIZETTE VICENS SALGADO** <br><br> **Debtors** | **CASE NO. 09-05680 (ESL)** <br><br> **CHAPTER 7** |

**MOTION FOR ISSUANCE OF DISCHARGE**

**TO THE HONORABLE COURT:**

COME NOW Debtors through their undersigned counsel and very respectfully state and request:

1. On July 9, 2009, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On September 25, 2009, Debtors filed a motion to convert their case from Chapter 13 to Chapter 11, which was granted by the Court on September 29, 2009. (Docket Nos. 21 and 24).

3. After a review conducted by Debtors' financial consultant Luis R. Carrasquillo, CPA, Debtors concluded that they lacked the ability to file a feasible plan of reorganization, and requested the conversion of their Chapter 11 case to Chapter 7, which was granted on August 10, 2010. (Docket Nos. 131, 133 and 135).

4. The first meeting of creditors provided by 11 U.S.C. § 341 was held on February 15, 2011, and left open for potential recovery of assets. (Docket No. 153).

5. Debtors have at all times cooperated with the 11 U.S.C. Chapter 7 Trustee appointed in this case, Wigberto Lugo Mender, Esq., submitting thereto all requested information and documents.

6. On May 1, 2011, Debtors completed the post petition instructional course concerning personal financial management with Sage Personal Finance, an agency approved pursuant to 11 USC §111, which is being submitted to the Court contemporaneously herewith.

7. The due date for the filing of an objection to Debtors' dischargeability was November 22, 2010. (Docket No. 139).

8. On November 22, 2010, Carlos R Sosa Padro, Esq. on behalf of Maria Herrera Bolivar, Andres Rivera Llopiz and minor son G.A.R.H ("Herrera") filed a motion to extend the time to object to Debtors' dischargeability, which was granted on December 13, 2010. (Docket Nos. 148 and 149).

9. More than four (4) months have transpired since the extension of time granted to Herrera without any action on their part.

10. The philosophy of the Bankruptcy Code is that cases be expeditiously concluded.

11. There is no reason for not entering Debtors' discharge in this case which is the heart of the fresh start provisions of the bankruptcy law. See 11 U.S.C. § 727.

**WHEREFORE,** it is respectfully requested that an order granting Debtors' discharge be entered.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF.

**Efrain Ramirez Torres**     Case No. 09-05680(ESL)
**Julizette Vicens**
*Motion for Issuance of Discharge*     *Page 3*

San Juan, Puerto Rico, this 5th day of May, 2011.

**S/CHARLES A. CUPRILL-HERNANDEZ**
**USDC-PR 114312**
CHARLES A. CUPRILL, P.C.S. LAW OFFICES
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com